BOB TUDOR v. STATE.

193 So. 760
Division A
Opinion Filed February 9, 1940

*P. Guy Crews,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—To a judgment of conviction of the crime of assault with intent to carnally know a female child under the age of ten years, the defendant sued out writ of error and judgment is here for review.

The case involves one of the most heinous offenses known to civilized society. For one who is shown beyond a reasonable doubt to be guilty of the offense, the punishment prescribed by law is not too severe; while for one who has passed the meridian of life, is a husband and father and a man of past good character and reputation, as was the defendant here, to be convicted on unreasonable and unsatisfactory evidence is no less than a judicial tragedy.

Although the testimony given by the alleged victim, who is shown to have been nine years of age, as to the details of the alleged occurrence is fantastic and in many respects unreasonable and showed that the child was wise far beyond her years in matters relating to sex, or else indicated that she had been thoroughly coached and trained as to what her testimony should be, the judgment might stand, were it not for the fact that the record shows that there was a lot of irrelevant testimony introduced over the objection of the defendant. Aside from this, during the progress of the trial while the defendant, who was a special police officer, was· on the stand as a witness in his own behalf, and while Mr. Cannon was conducting the trial on behalf of the State, the following occurrence transpired:

"Mr. Cannon: If the court please, before we proceed any further, may I ask the defendant a question?

"The court: Do you have any objection?

"Mr. Crews: No sir, I have no objection.

"Mr. Cannon: Mr. Tudor, the officer sitting over there tells me you have a pistol on you. I don't want to get shot, and if there is anything like that, I want to know about it.

"A. Yes, I have a pistol.

"Mr. Cannon: If the court please, I ask the officer to take it off of him.

"The court: Yes, deliver the pistol to the officer. (Thereupon the officer took the pistol from the defendant.)

"By Mr. Crews:

"Q. You have not made any threats to shoot the State's attorney, have you?

"A. No, sir."

It is not shown that the defendant's having the pistol on his person was unlawful or that he had it for any unlawful purpose. The reasonable inference to be drawn from the statement of the prosecuting officer was that he had been informed that the defendant had the pistol for the purpose of shooting the officer. This occurrence should not have happened in the presence of the jury. It was the duty of the prosecuting officer to so conduct the proceedings to the end that the defendant should have a fair and impartial trial. Therefore, he should have requested the court to have the jury retire before this proceeding.

That this incident was taken advantage of in the argument of the case is reflected in the record by the following:

"(The jury thereupon returned to the court room.)

"Mr. Crews: The defendant announces closed.

"The court: Proceed to the jury.

"* * * Thereupon Mr. Cannon argued the State's case.

"At 1:15 o'clock P. M., a recess was taken until 2:15 o'clock P. M., of the same day, at which time the following further proceedings were had:

"Mr. Crews: If the Court please, I would like for the jury to retire while I make a motion.

"The court: Very well, gentlemen, you may retire.

"(Thereupon the jury retired from the court room.)

"Mr. Crews: If the court please, the defendant at this time moves the court to reopen the defense in this case solely for the purpose of interposing an objection to the procedure followed by the county solicitor in calling the court's attention to the defendant having a gun on him while he was on the witness stand. That is the purpose of this motion, that is the sole and only purpose, and I think that should be on the record. With that motion, I will be ready to proceed.

"The court: Do you want to be heard on that motion?

"Mr. Cannon: If the Court please, the argument has already been made and it is hardly proper to make a motion to reopen a case after the State has opened to the jury. The court is not justified at this late stage to reopen this case. It was not of my doing that Brother Tudor comes down armed with a pistol.

"Mr. Crews: The case may be reopened at any time until the jury has retired to consider its verdict.

"The court: The motion is denied, with an exception noted for the defendant.

"Mr. Crews: If the court please, may I make this statement for the record; that the defendant proffered an objection to the manner in which the county solicitor called the attention of the court this afternoon to the fact that the defendant, being a special police officer, was armed with a pistol, and having it removed from his person while the defendant was on the witness stand, in the presence of the court and jury, on the ground that the circumstance was

highly prejudicial to the defendant. I make that proffer, and would like the record to show that proffer.

"The court: All right, sir, that proffer is denied, and exception noted for defendant. Bring the jury in, Mr. Sheriff.

"(Thereupon the jury returned to the court room.)

"* * * Mr. Crews argues to the jury.

"* * * During the closing argument of Mr. Cannon, the following occurred:

"Mr. Crews: If the court please, I want to interpose an objection to counsel arguing before the jury the fact that the defendant had a pistol on him, and that it was taken off of him in court. I make that formal objection.

"The court: Objection overruled, exception noted."

We think justice demands a reversal of the judgment and remand of the cause for a new trial.

It is so ordered.

Reversed and remanded for new trial.

TERRELL, C. J., concurs.

CHAPMAN, J., concurs specially.

WHITFIELD and THOMAS, J. J., dissent.

BROWN, J., not participating.

CHAPMAN, J. (concurring specially).—The evidence adduced on the part of the prosecution in the case at bar presents one of the darkest pictures of human depravity that I have ever read. There is ample evidence in the record to sustain the verdict as found by the jury. It is with great hesitation that I consent to set aside the verdict. The verdicts of juries should by this Court at all times be sustained unless a good reason or reasons can be offered for setting them aside.

The record shows that during the progress of the trial

and while the defendant was a witness on the witness stand and giving testimony in his behalf, the prosecuting officer made inquiry of the defendant if he had a pistol on his person, and the defendant replied that he had a pistol and was a police officer. The prosecuting officer requested that the defendant be disarmed, "as he (the prosecuting officer) did not want to be shot." The gun was taken from the defendant by an officer under an order of the court and the record fails to show that the trial court instructed the jury to disregard this occurrence. I feel that this proceeding was prejudicial to the defendant and placed him in an unfavorable light in the minds of the jury trying him. The gun should have been taken from the defendant in the absence of the jury. I am unable to say that the defendant received a fair and impartial trial within the meaning of the law. Such star chamber performance as shown by the record under the law, is incompatible with the administration of justice and should not be tolerated.

The judgment should be reversed and a new trial awarded.